UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LOWERY,

                Plaintiff,                CIVIL ACTION NO. 06-13488

v.                                DISTRICT JUDGE VICTORIA ROBERTS

RAY McCLARTY, and           MAGISTRATE JUDGE DONALD A. SCHEER
RICHARD FITZMAURICE,

                Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion to Dismiss should be GRANTED, as Plaintiff has failed to allege in the Complaint that he suffered an adverse action taken by prison officials to discourage him from engaging in protected conduct.

*   *   *

Plaintiff, while incarcerated at the Florence Crane Correctional Facility (ACF),[1] in Adrian, Michigan filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on August 3, 2006, against the above named defendants, alleging that they had engaged in a retaliatory conspiracy to punish him for filing lawsuits against prison officials. Defendants McClarty and Fitzmaurice are corrections officers assigned to the Huron Valley Correctional Facility (HVM) in Ypsilanti, Michigan.  Plaintiff accuses defendants of violating his constitutional rights by retaliating against him for exercising his right to file lawsuits and grievances against prison officials.  Plaintiff seeks compensatory and punitive damages. Retaliation

---

[1]Plaintiff is still incarcerated at ACF.

allegedly took the form of a false major misconduct ticket. Following an administrative hearing on the ticket, Plaintiff was found guilty of possession of money in violation of prison regulation PD 04.02.105.

Defendants filed a Motion to Dismiss under Rule 12(B)(6) on October 3, 2006, based upon a failure to exhaust administrative remedies[2], and a failure to state a claim of retaliation. Plaintiff filed a response to Defendants' Motion to Dismiss on October 23, 2006, arguing to the contrary. For the following reasons, I recommend that Defendants' motion be GRANTED.

STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff.  FED. R. CIV. P. 12(b)(6); see Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 1997).

DISCUSSION

To establish a valid claim under § 1983, a plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights privileges or immunities secured by the Constitution

---

[2]In Jones v. Bock, 127 S.Ct. 910 (2007), the Supreme Court ruled that §1983 actions were not automatically rendered noncompliant with PLRA exhaustion requirements by the fact that not all the defendants named in the complaint had been named in previous administrative grievances.

2

or laws of the United States. See <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988).   Here, Defendants do not dispute that they acted under color of state law. Accordingly, I will focus on the alleged constitutional deprivations.

<u>RETALIATION CLAIM</u>

There are two categories of retaliation claims--general claims of retaliation and claims that allege that an individual was retaliated against for the exercise of specific constitutional rights. In <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378 (6ᵗʰ Cir. 1989) the Sixth Circuit clarified the elements of each category and supplanted previous cases that had blurred the lines between the two.   General claims of retaliation are brought under the Due Process Clause of the Fourteenth Amendment.   To state a successful case of general retaliation, a prisoner must establish "an egregious abuse of governmental power" or behavior that "shocks the conscience." <u>Id</u>. at 387.   In the great majority of cases, inmates are unable to survive summary judgment under this demanding standard. The rare exceptions have been in cases where, for example, a prison official issued death threats against an inmate while holding a cocked pistol at his head, or where prison officials trumped up false disciplinary charges against an inmate and then proceeded to physically abuse him and levy harsh disciplinary sanctions against him.   See <u>Cale v. Johnson</u>, 861 F.2d 943, 950-51 (6th Cir. 1988) (citing cases).

The second category of retaliation claims involves allegations that state officials penalized an individual for the exercise of a specific constitutional right.   In such cases, an inmate bears a lesser burden, and is only required to establish the following three elements: (1) the inmate engaged in protected conduct, (2) an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in that conduct,

and (3) the adverse action was motivated, at least in part, by the inmate's protected conduct. Thaddeus-X, 175 F.3d at 394-395. Plaintiff has the burden of proving all three elements.

Plaintiff has failed to allege facts sufficient to establish that he suffered an adverse action taken by prison officials in order to punish him for engaging in protected conduct. In other words, he has failed to allege that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). He has done nothing more than simply allege retaliation without establishing a causal connection. See Thaddeus-X, 175 F.3d at 399-400.

The adverse action complained about by Plaintiff is the major misconduct ticket he received from Defendant McClarty in January 2006, for violating a prison policy directive. Plaintiff acknowledges in his Complaint that he did, in fact, receive money in violation of PD 04.02.105 (See Complaint ¶22 and ¶23). Consequently, the adverse action suffered by Plaintiff was fully warranted by his admitted violation of prison policy, and not taken as a result of his exercise of a constitutionally protected right.     While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no such claim can be stated where, as here, the alleged retaliation arose from discipline properly imposed for acts that a prisoner was not entitled to perform. Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990). Because Plaintiff failed to allege in the Complaint that he suffered an adverse action, or that the adverse action was motivated, at least in part, by his constitutionally protected conduct, it is recommended that the claim of retaliation against these MDOC officials be dismissed.

4

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Roberts' acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: April 25, 2007

---

### CERTIFICATE OF SERVICE

I hereby certify on April 25, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 25, 2007. **Richard Lowery.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217